UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTINA ELSAESSER<br>5737 WHISTLING WINDS WALK<br>CLARKSVILLE, MARYLAND 21029<br><br>　　Plaintiff,<br><br>v.<br><br>ARAMARK HEALTHCARE<br>SUPPORT SERVICES, LLC<br>2400 MARKET STREET, SUITE 209<br>PHILADELPHIA, PENNSYLVANIA 19103-3034<br><br>　　Serve:<br>　　CT Corporation System<br>　　1015 15th Street, N.W.<br>　　Suite 1000<br>　　Washington, DC 20005<br><br>　　Defendant. | Civil Action No. |

## COMPLAINT

COMES NOW, Plaintiff, Kristina Elsaesser, by and through her undersigned counsel, hereby sues Aramark Healthcare Support Services, LLC ("Defendant") for retaliation in violation of the DC Human Rights Act, D.C. Code Ann. §2-1401, Et. Seq. and hereby state as follows:

## PARTIES

1.　Plaintiff, Kristina Elsaesser is an adult resident of the State of Maryland.

2.　Defendant Aramark Health Support Services, LLC is a Delaware LLC, with its principal place of business located in Philadelphia, PA transacting business in the District of Columbia, including but not limited to at the Hospital for Sick Children (HSC) and Children's National Medical Center (CNMC).

## JURISDICTION AND VENUE

3. Venue is proper before this Honorable Court, as the District of Columbia is the locale in which all events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

4. Jurisdiction is proper before this Honorable Court as Plaintiff has asserted violations of federal statutes and other such claims that are so related as to form part of the same case or controversy. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## FACTS OF THE CASE

5. Plaintiff was hired by Aramark on or about January 17, 2022 as the Clinical Nutrition Manager for the Hospital for Sick Children (HSC) which merged with Children's National Hospital in Washington, DC. Aramark is a contract for HSC, which has merged with Children's National.

6. On February 3, 2022, Plaintiff was sexually harassed by Alfred Lott, an IT employee of Cerner, another contractor for HSC.

7. Mr. Lott hugged Plaintiff against her will and made inappropriate and sexually suggestive comments to Plaintiff.

8. Plaintiff reported the sexual harassment to her supervisor, Nya McAlister, an Aramark employee, on Wednesday February 23, 2022 around 9:30 am.

9. Ms. McAlister reported the harassment to her supervisor, Dianne Filerman, Aramark District Manager, that same morning, and at around 11 am on February 23, 2022 advised Plaintiff that she and Ms. Filerman would meet with Plaintiff the next day on February 24, 2022.

10. On February 24, 2022, Ms. Filerman stated that she advised HSC Human Resources Department of the Plaintiff's sexual harassment complaint and that they would conduct an investigation. Ms. Filerman directed that Ms. McAlister and Armark would prevent further contact

between Plaintiff and Mr. Lott and ensure that another IT provider at HSC would handle Plaintiff's IT support requirements.

11. In the weeks and months following the Plaintiff's report of sexual harassment, Mr. Lott visited the common Nutrition Department office area of Ms. McAlister and the Plaintiff many times and their laughing and joking led Plaintiff to conclude that Ms. McAlister had been long time close personal friends with Mr. Lott.

12. Following the report of sexual harassment by Plaintiff, Ms. McAlister began retaliating against Plaintiff by ceasing in-person communication with her in the office, reducing contact to little more than very short emails, and making an effort to turn other staff members against Plaintiff.

13. In early April 2022 Ms. McAlister directed that Plaintiff perform duties of a diet technician (in addition to her own duties) while that employee was on leave for an extended period. These additional duties required new IT resources for the Plaintiff. On April 11, 2022 Mr. Lott came to the Nutrition Office to modify Plaintiff's laptop and so Ms. McAlister failed to isolate Plaintiff from the perpetrator. Mr. Lott met with Ms. McAlister in her office upon his arrival and then Ms. McAlister left Mr. Lott alone with Plaintiff to complete the IT service. Mr. Lott did not successfully provide the IT services requested. Plaintiff advised Ms. McAlister how stressful it was for her to be left alone with the perpetrator and that she contacted her physician to seek a referral for counseling. Plaintiff advised McAlister that HSC HR had not contacted her to investigate the complaint and Plaintiff inquired about the status of the investigation. On April 12, 2022, Plaintiff met with Ms. McAlister, Ms. Filerman, and Ms. Blake, Aramark Regional HR coordinator, where Plaintiff reported the hostile work environment by Ms. McAlister in retaliation for her report of sexual harassment and she also requested a status on the investigation that

Aramark said HSC would conduct. Plaintiff believed that the only way to resolve the hostile work environment by her supervisor was through the investigation.

14. On or about April 26, 2022 (more than 2 months after the initial report), Cerner and Aramark undertook an investigation into Plaintiff's sexual harassment claims. The investigation concluded on or about May 10, 2022.

15. Mr. Lott was ultimately removed from the HSC facility.

16. However, Plaintiff was forced to continue to work with him and in his presence for nearly 3 months following her initial report of sexual harassment and prior to his dismissal.

17. In the wake of Mr. Lott's dismissal, Ms. McAlister continued and increased her level of hostility to Plaintiff.

18. Plaintiff continued to report the hostile work environment up through June 15, 2022.

19. In response, Aramark placed Plaintiff on a Performance Improvement Plan (PIP) on June 29, 2022.

20. It appears that the PIP is strictly in retaliation for Plaintiff engaging in prior protected activity.

21. On or about August 2, 2022, Plaintiff filed a Charge with the EEOC, Charge No. 570-2022-2922 alleging the facts described herein.

22. On the same day, Plaintiff, through her counsel sent Aramark the Charge via email that she filed with EEOC, specifically to Dianne Filerman and Rene Blake.

23. Plaintiff's counsel received confirmation of that Aramark received the Charge documents on August 2, 2022.

24. Defendant terminated Plaintiff on August 12, 2022, a mere 10 days after receiving notice of Plaintiff's EEOC Charge.

25. On or about December 1, 2022, Plaintiff filed an Amended Charge with EEOC and included the allegations regarding her termination.

26. The EEOC issued its Right to Sue Letter on March 3, 2023.

## COUNT I
## VIOLATION OF DC HUMAN RIGHTS ACT, D.C. CODE ANN. §2-1401, ET. SEQ.

27. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

28. Pursuant to the DC Human Rights Act, it is unlawful for an employer to retaliate against an employee for engaging in protected activity.

29. The Defendant's decision to place Plaintiff on a PIP was in retaliation for Plaintiff complaining about being sexually harassed in violation of the DC Human Rights Act.

30. Defendant's decision to terminate Plaintiff ten days after learning that she had filed a Charge with EEOC related to the retaliation is further retaliation for engaging in protected activity in violation of the DC Human Rights Act.

31. Plaintiff has suffered and/or will to continue to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 USC 2000(e), ET SEQ.

32. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

33. Pursuant to the Civil Rights Act, it is unlawful for an employer to retaliate against an employee for engaging in protected activity.

34. The Defendant's decision to place Plaintiff on a PIP was in retaliation for Plaintiff complaining about being sexually harassed in violation of the Civil Rights Act.

35. Defendant's decision to terminate Plaintiff ten days after learning that she had filed a Charge with EEOC related to the retaliation is further retaliation for engaging in protected activity in violation of the Civil Rights Act.

36. Plaintiff has suffered and/or will to continue to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants:

A. On Count I, economic damages in an amount not less than $500,000, Compensatory Damages in an amount not less than $1,000,000 and Punitive Damages in an amount not less than $1,000,000;

B. On Count II, economic damages in an amount not less than $500,000, Compensatory Damages in an amount not less than $300,000 and Punitive Damages in an amount not less than $300,000;

C. Award Plaintiffs all of his fees and costs associated with this matter, including their attorneys' fee; and

D. Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: March 30, 2023          Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiffs*